### UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF NEW HAMPSHIRE

Jason McDermott

    v.                                                    Civil No. 08-cv-255-PB

Michael J. Astrue, Commissioner,
Social Security Administration

### O R D E R

Jason McDermott has filed a complaint, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's decision denying his application for Supplemental Security Income Benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. (document no. 1).  Construed liberally, the complaint alleges that the factual findings of the Commissioner and the Administrative Law Judge ("ALJ") are not supported by substantial evidence.

Because McDermott is proceeding pro se and in forma pauperis, the complaint is before me for preliminary review to determine whether, among other things, it states a claim upon which relief might be granted.  See 28 U.S.C. § 1915A; United States District Court for the District of New Hampshire Local Rule ("LR") 4.3(d)(2).  For the reasons stated below, I order the complaint served on the defendant.

**Factual Background**

McDermott allegedly was convicted in November 2004. The record is silent as to the nature of his conviction and the precise dates of his incarceration. At the time this action was filed, McDermott was an inmate at the Cumberland Federal Correctional Institution in Cumberland, Maryland. He is currently confined at CCM, Philadelphia, Pennsylvania.

This action stems from McDermott's application for SSI benefits filed in early 2004, prior to his incarceration. He alleged complaints of psychological disability, including depression, bipolar disorder and attention deficit disorder, all of which interfered with his activities of daily living and his ability to maintain gainful employment. In addition, he alleged complaints of physical disability, including a degenerative disk disorder in the C-5 and C-6 areas of this spine that limited the movement in his neck and prevented him from maintaining gainful employment.

McDermott allegedly filed an application for SSI benefits in Manchester, New Hampshire, which was denied at the initial level of review. Subsequently, he sought de novo review before an Administrative Law Judge ("ALJ"). The record is silent as to the

issues presented to the ALJ, and McDermott has not provided this court with a copy of the ALJ's decision or any other portion of the administrative record.  It appears that McDermott sought review of the ALJ's decision before the Appeals Council.  The Appeals Council allegedly denied his request on March 27, 2008, thereby rendering the ALJ's decision a final decision of the Commissioner subject to judicial review.  The Appeals Council allegedly informed McDermott of his right to commence a civil action in federal court by May 26, 2008.  McDermott filed the instant federal complaint on June 26, 2008, alleging that the ALJ's decision is unsupported by substantial evidence and seeking a judicial determination that he is disabled within the meaning of the Act.

## Standard of Review

Under this court's local rules, when an incarcerated plaintiff commences an action pro se and in forma pauperis, the magistrate judge is directed to conduct a preliminary review.  LR 4.3(d)(2).  In conducting the preliminary review, the court liberally construes pro se pleadings, however inartfully pleaded. See Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and

Haines v. Kerner, 404 U.S. 519, 520-21 (1972) to construe pro se pleadings liberally in favor of the pro se party). See also Castro v. United States, 540 U.S. 375, 381 (2003) (noting that courts may construe pro se pleadings so as to avoid inappropriately stringent rules and unnecessary dismissals of claims). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997).

At this preliminary stage of review, all factual assertions made by the plaintiff and inferences reasonably drawn therefrom must be accepted as true. See Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)(stating the "failure to state a claim" standard of review and explaining that all "well-pleaded factual averments," not bald assertions, must be accepted as true). This review ensures that pro se pleadings are given fair and meaningful consideration.

## Discussion

Review of the Commissioner's final decision is available under 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the
> Commissioner of Social Security made after a
> hearing to which he was a party, irrespective of
> the amount in controversy, may obtain a review of
> such decision by a civil action commenced within
> sixty days after the mailing to him of notice of
> such decision or within such further time as the
> Commissioner of Social Security may allow.

Here, McDermott has complied with the requirements of the statute that direct him to obtain a final decision from the Commissioner of the Social Security Administration.  Without making a determination as to the timeliness of his complaint or whether circumstances exist to warrant equitable tolling of the sixty-day limitations period, see Bowen v. City of New York, 476 U.S. 467, 480 (1986) (holding that equitable tolling is applicable to the sixty-day statute of limitations period provided in Section 405(g)), I find that this matter is properly before this court for purposes of preliminary review.

## Conclusion

For the reasons stated above, I order the complaint to be served upon the defendant.  The Clerk's office is directed to issue the necessary summons form and forward to (I) the United States Attorney for the District of New Hampshire, (ii) the Attorney General of the United States, and (iii) the Social Security Administration, by certified mail, return receipt

requested, the summonses, copies of the complaint (document no. 1) and this order.  See Fed. R. Civ. P. 4(c)(1) and 4(i)(1) and (2).

Defendant is instructed to answer or otherwise plead within sixty days of service.  See Fed. R. Civ. P. 12(a)(2).

Plaintiff is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on the defendant by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　／s／ James R. Muirhead
　　　　　　　　　　　　　　　　　　James R. Muirhead
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Date: January 12, 2009

cc:   Jason McDermott, pro se